**Joseph M. MARBLY, Plaintiff–Appellant,**

v.

**HOME PROPERTIES OF NEW YORK, also known as Lakes Apartment Community, Defendant–Appellee.**

No. 02–2000.

United States Court of Appeals, Sixth Circuit.

March 27, 2003.

Before NORRIS and BATCHELDER, Circuit Judges; and BARZILAY, Judge.*

### ORDER

This is an appeal from an district court's decision to deny a motion seeking leave to file a civil complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Michigan resident Joseph M. Marbly filed a motion seeking leave to file a housing discrimination complaint under various federal civil rights statutes. The district court denied the motion and this appeal followed.

The only question for appeal is the propriety of the district court's action in declining to grant Marbly's pre-filing motion for permission to file a civil complaint. Marbly was required to seek permission to file his civil complaint because, as of April 25, 2000, the district court permanently enjoined prolific pro se litigator Marbly from filing civil actions without leave of court. *See Marbly v. Kay,* No. 00–1530, 2000 WL 1827783 (6th Cir. Dec.8, 2000) (order affirming decision to issue injunction). Marbly's brief on appeal, an echo of his motion for leave to file his action, contains his observation that the proposed lawsuit is a continuation of his prior, unsuccessful lawsuits involving his on-going complaints of being discriminated against by housing authorities. Neither this brief nor the original motion seeking leave to file his housing discrimination complaint reflects any special circumstance that could lead one to believe that Marbly is being deprived of his civil rights in any meaningful way or that this proposed litigation presents any legal question that was not previously decided against Marbly *on the merits.* Without more, this does not call into question the district court's decision not to permit the filing requested.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.